ORDER (Motion Denied)
AMANDA L. ROCKMAN, Associate Judge.
The Court must determine whether to grant the Post, Judgment Motion requested by the plaintiff. The plaintiff previously sought a Preliminary Injunction to enjoin the defendant from remaining in the seat of president pro tempore. Consequently, the Court concluded that the Supreme Court’s guidance with regards to the vacancy of the Office of the President was dicta. Corbine v. Blackdeer, CV 07-18 (HCN Tr. Ct., Apr. 6, 2007). However, the Court did not address the constitutional interpretation of Ho-Chunk Nation Constitution (hereinafter Constitution), Article IX, Section 9(c) at that time. The plaintiff now requests that the Court address the constitutional interpretation of such section. The Court denies such motion because the issue is superseded by the Supreme Court’s authority.
The Court recounts the procedural history in significant detail in its Order (Addressing Preliminary Granting injunction Request), CV 07-18 (HCN Tr. Ct., Apr. 6, 2007). For purposes of this decision, the plaintiff filed a Post Judgment Motion on April 16, 2007 requesting the Court to address the constitutional interpretation of Article IX, Section 9(c) of the Constitution.
The Supreme Court has remanded the issue of the constitutional interpretation of Article IX, Section 9(c) to the Trial Court. See Lewis v. Ho-Chunk Nation Election Ed., et al., SU 06-07 (HCN S.Ct., Apr. 13, 2007). The Trial Court proceeded with Trial in the Lewis case on March 19 and 20, 2007, but did not address the constitutional interpretation of Article IX, Section 9(c). On April 13, 2007, the Supreme Court entered its Order for Reconsideration whereby it vacated the “portion of its opinion which appears to give an advisory opinion on how the succession in the office of the President of the Ho-Chunk Nation is to occur and remands that issue for a full and proper consideration below.” George Lewis v. HCN Election Bd. et al., SU 06-07 (HCN S.Ct., Apr. 13, 2007) at 4.
The Court did not have the opportunity to call expert witnesses, such as living members of the HCN Constitutional Reform Committee, in order to establish the intent of the writers of the CONSTITUTION at Trial Id. Thus, the Court has reserved the issue of constitutional interpretation until such testimony is heard. IT IS THEREFORE ORDERED, the plaintiffs Post Judgment Motion is denied because the issue presented is superseded by the Supreme Court’s judgment.
The parties retain the right to file a timely post-judgment motion with this Court in accordance with HCN R. Civ. P. 58, Amendment, to or Relief from, Judgment or Order. Otherwise, “[t]he time for taking an appeal shall begin from the date the judgment is filed with the [Trial Court] Clerk [of Court].” HCN R. Civ. P. 57. Since this decision represents a non-final judgment, “[a]n appeal from [this] interlocutory order maybe [sic ] sought by filing a petition for permission to appeal with the Supreme Court Clerk within ten (10) cal *105 endar days after the entry of such order with proof of service on all other parties to an action.” Ho-Chunk Nation Rules of Appellate Procedure, Rule 8.[1]
IT IS SO ORDERED.

. Parties can obtain a copy of the applicable rules by contacting the Ho-Chunk Nation Judiciary at (715) 284-2722 or (800) 434-4070 or visiting the judicial website at www.ho-chunknation.com/government/judicial/cons_ law.htm.